SEALED

JDM: USAO#2014R00719

FILED ___ ENTERED
___ LODGED ___ RECEIVED

JAN 28 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. JFM-15-039 |
| v. ) | |
| ) | (Conspiracy, 18 U.S.C. § 371; Bribery, |
| ANTOINETTE MCDANIELS, ) | 18 U.S.C. § 201; Aiding and Abetting, |
| ) | 18 U.S.C. § 2; Conspiracy To Distribute |
| ) | And Possess With Intent to Distribute |
| Defendant ) | Marijuana, 21 U.S.C. § 846; Forfeiture) |
| ) | |

**INFORMATION**

**COUNT 1**
**(Conspiracy)**

The United States Attorney for the District of Maryland charges that:

**Background**

At all times relevant to this Indictment:

1. Between in or about 1994 and November 2014, **ANTOINETTE MCDANIELS** ("**MCDANIELS**") was employed by the United States Postal Service ("USPS") as a Letter Carrier. Between in or about January 2014 and November 2014, she was assigned to Postal Carrier Route #18, servicing Baltimore, Maryland 21218.

2. As a Letter Carrier employed by USPS, **MCDANIELS** was a public official as defined by 18 U.S.C. § 201(a)(1), that is, she was "an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof . . . in any official function, under or by authority of any such department, agency, or branch of Government . . . ."

3. As a USPS Letter Carrier, **MCDANIELS** had, as part of her official duties, the responsibility to deliver packages sent via USPS along her assigned route to the proper addressees. **MCDANIELS** had, as part of her official duties, the responsibility to keep accurate records of her deliveries, including scanning a package that required tracking as delivered at the proper time and location if in fact it was properly delivered to the addressee at the proper address. If a package were sent to a vacant address or to an addressee who was not affiliated with the address, **MCDANIELS** had, as part of her official duties, the responsibility to return the package to the post office to return to sender.

4. S.P. was an individual residing in Columbia, Maryland.

5. G.C. was an individual residing in Baltimore, Maryland.

6. C.B. was an individual residing in Baltimore, Maryland.

7. In or about January 2014, S.P. approached defendant **MCDANIELS** and asked her if she would divert, and deliver directly to him, specific packages that he would identify to defendant **MCDANIELS** that contained contraband, including large quantities of marijuana. In exchange, S.P. offered to pay defendant **MCDANIELS** up to $100 in U.S. Currency per parcel that she delivered directly to him. Additionally, S.P. offered to loan money to defendant **MCDANIELS**. **MCDANIELS** agreed.

8. Later, in or about August 2014, in order to avoid detection, S.P. introduced defendant **MCDANIELS** to G.C. and C.B., and instructed that she was to deliver directly to G.C. or C.B. the packages that he, G.C., and C.B. would identify.

## The Conspiracy and Its Objects

9. Beginning in or about January 2014 and continuing until approximately November 2014, in Baltimore, Maryland and elsewhere, defendant **MCDANIELS**, a public official, did knowingly and willfully combine, conspire, confederate, and agree with S.P., G.C., C.B. and others known and unknown to the United States to commit offenses against the United States, that is:

    a. being a public official, otherwise than as provided by law for the proper discharge of her official duties, to directly and indirectly demand, seek, receive, accept, and agree to receive and accept something of value personally for and because of an official act performed and to be performed by defendant **MCDANIELS**, in violation of 18 U.S.C. § 201.

10. It was the object of the conspiracy that:

    a. S.P., G.C., and C.B. would use defendant **MCDANIELS's** position and actions as a USPS employee to further their interests in their drug trafficking organization, and offered to pay and did pay money to **MCDANIELS** for her actions therein, and that **MCDANIELS** would use her position and actions as a government employee to further the interests of S.P. G.C., and C.B., and be offered and receive money for her actions therein; and

    b. Defendant **MCDANIELS** would conceal from USPS her actions on behalf of S.P., G.C., and C.B. and her receipt of money from the same.

## Manner and Means of the Conspiracy

11. It was a part of the conspiracy that in or about January 2014 through and including in or about November 2014:

   a. packages were sent via U.S. Mail to addresses in the Baltimore Metropolitan area from locations in California, Arizona, Florida, and other places. These packages were addressed to fictitious addressees and vacant properties at addresses along **MCDANIELS's** route, Postal Carrier Route #18, servicing Baltimore, Maryland 21218.

   b. S.P., G.C., and C.B. would send text messages to defendant **MCDANIELS** alerting her that a package would soon be sent that they wanted her to deliver directly to one of them.

   c. Defendant **MCDANIELS** would retrieve the package and then send text messages to S.P., G.C., and C.B. alerting them that the package had arrived at the post office and would be out for delivery along her route.

   d. S.P., G.C., and C.B. would then send a text message to **MCDANIELS** instructing her about meeting up to make the delivery.

   e. S.P., G.C., and C.B. would meet up with **MCDANIELS** along her route and take possession of the packages they had identified.

   f. Defendant **MCDANIELS** would scan the packages as being delivered to the addressee when in fact they were delivered to S.P., G.C., and C.B.

   g. After the delivery was made, S.P., G.C., and C.B. would pay money to **MCDANIELS**, usually up to $100 in U.S. Currency.

## Overt Acts

12. In furtherance of the conspiracy and in order to accomplish its objects, the following overt acts, among others, were committed by one or more of the conspirators in Maryland and elsewhere:

    a. In or about January 2014, **MCDANIELS** met with S.P. and agreed to divert packages to him in exchange for money.

    b. Pursuant to this arrangement, between January 2014 and November 2014, **MCDANIELS** delivered approximately 30 packages to S.P., G.C., and C.B. In exchange, **MCDANIELS** was paid $100 for each delivery.

    c. **MCDANIELS** also received $1200 from S.P. and $500 from G.C. in the form of loans.

    d. To conceal the scheme, **MCDANIELS** scanned the packages as having been delivered to the fictitious addressees.

    e. On October 6, 2014, **MCDANIELS** was observed delivering a package containing approximately 3000 grams of marijuana to C.B. along her assigned route.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (Bribery)

1. Paragraphs 1 through 8 and 11 through 12 of Count 1 are hereby re-alleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. Between in or about January 2014 and November 2014, the exact dates being unknown, in the District of the Maryland, the defendant,

### ANTOINETTE MCDANIELS

a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value, that is money from S.P., G.C., and C.B., in return for being influenced in the performance of an official act and being influenced to commit and aid in committing and to collude in, and allow and to make opportunity for the commission of a fraud on the United States; that is Defendant **MCDANIELS** used her official position as a Letter Carrier employed by USPS to divert packages containing marijuana addressed to fictitious addressees and to deliver said packages to S.P., G.C., and C.B. in exchange for payment.

All in violation of Title 18, United States Code, Sections 201 and 2.

## COUNT 3
### (Conspiracy to Distribute Marijuana)

1. Between in or about January 2014 and November 2014, the exact dates being unknown, in the District of the Maryland, and the States of California, Arizona, Florida, and elsewhere

### ANTOINETTE MCDANIELS

the defendant herein, did knowingly, willfully and unlawfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with the intent to distribute a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Sections 841, 846.

- 8 -

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1-3 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 3666, 21 U.S.C. § 881, and 28 U.S.C. § 2461.

2. Upon conviction of the offenses set forth in Counts 1-3, the defendant,

**ANTOINETTE MCDANIELS**

shall forfeit to the United States of America, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 3666, 21 U.S.C. § 881, and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations, including but not limited to:

   a. For defendant **MCDANIELS**, a money judgment in the amount of **$4,700** in U.S. Currency.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

   the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 3666
21 U.S.C. § 881
28 U.S.C. § 2461(c)
Fed. R. Crim. P. 32.2(a)

_Rod Rosenstein gm_
ROD J. ROSENSTEIN
UNITED STATES ATTORNEY